**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**RONALD J. PALASCHAK,**

                          **Plaintiff,**                    **3:08-cv-1172**
                                                            **(GLS\VEB)**

                 **v.**

**MICHAEL J. ASTRUE,** Commissioner
of Social Security,

                          **Defendant.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Hinman, Howard Law Firm              EUGENE D. FAUGHNAN, ESQ.
P.O. Box 5250
80 Exchange Street
700 Security Mutual Building
Binghamton, NY 13902-5250

**FOR THE DEFENDANT:**
HON. RICHARD S. HARTUNIAN            ANDREEA L. LECHLEITNER
United States Attorney               SUZANNE M. HAYNES
100 South Clinton Street             Special Assistant U.S. Attorneys
Syracuse, NY 13261

MARY ANN SLOAN
Acting Regional Chief Counsel
Social Security Administration
Office of General Counsel, Region II
26 Federal Plaza, Room 3904
New York, NY 10278

**Gary L. Sharpe**
**District Court Judge**
                **MEMORANDUM-DECISION AND ORDER**

# I. __Introduction__

Plaintiff Ronald Palaschak challenges the Commissioner of Social Security's denial of Disability Insurance Benefits (DIB), under 42 U.S.C. §§ 405(g) and 1383(c)(3).  (Compl., Dkt. No. 1.)  In a Report and Recommendation Order (R&R) filed November 13, 2009, Magistrate Judge Victor E. Bianchini recommended that the Commissioner be granted judgment on the pleadings and that Palaschak's complaint be dismissed.[1] (Dkt. No. 16.)  Pending are Palaschak's objections to the R&R.  (Dkt. No. 17.)  Upon careful consideration of the arguments, the relevant parts of the record, and the applicable law, the court adopts the R&R in its entirety.

# II. __Background__[2]

On August 12, 2004, Palaschak filed an application for DIB under the Social Security Act.  (*See* Pl. Br. at 3, Dkt. No. 7.)  After his application was denied, Palaschak requested a hearing before an Administrative Law Judge (ALJ), which was held on October 12, 2007.  (*See id.*)  On March 27,

---

[1]The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.  (*See* Dkt. No. 16.)

[2]The court incorporates the factual recitations of the parties and Judge Bianchini.  (*See* Dkt. Nos. 7, 8, 16; *see also* Admin. Tr., Dkt. No. 9.)

2006, the ALJ issued a decision denying the requested benefits.  (*See id.*)
Upon review, the Social Security Administration Appeals Council remanded
the case, directing the ALJ to obtain evidence from a vocational expert
(VE).  (*See id.*)  Following a second administrative hearing on November
24, 2007, the ALJ issued a decision denying benefits.  (*See id.* at 4.)  That
decision became the Commissioner's final decision upon the Appeals
Council's denial of review.  (*See* R&R at 2, Dkt. No. 16.)

Palaschak commenced the present action by filing a complaint on
November 3, 2008, seeking judicial review of the Commissioner's
determination.  (*See* Dkt. No. 1.)  After receiving the parties' briefs, Judge
Bianchini issued an R&R recommending dismissal of Palaschak's
complaint.  (*See generally* R&R, Dkt. No. 16.)  In response, Palaschak filed
objections to Judge Bianchini's R&R.  (*See* Dkt. No. 17.)

### III.  Standard of Review

By statute and rule, district courts are authorized to refer social
security petitions to magistrate judges for proposed findings and
recommendations regarding disposition.  *See* 28 U.S.C. § 636(b)(1)(A),
(B); N.D.N.Y. L.R. 40.1, 72.3(d); General Order No. 18.  Before entering
final judgment, this court routinely reviews all report and recommendation

3

orders in cases it has referred to a magistrate judge.  If a party has

objected to specific elements of the magistrate judge's findings and

recommendations, this court reviews those findings and recommendations

de novo.  *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006

WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006).  In those cases where no

party has filed an objection, or only a vague or general objection has been

filed, this court reviews the findings and recommendations of a magistrate

judge for clear error.  *See id.*

### IV.  Objections

Palaschak raises several specific objections to the R&R, which the

court will review de novo.  The remainder of the R&R will be reviewed for

clear error.

### A.  Treating Physician Rule

First, Palaschak objects to Judge Bianchini's findings that the

opinions of Drs. Desai and Cook were properly considered by the ALJ.

(*See* Pl. Objections at 1-2, Dkt. No. 17.)  This objection is meritless.

Under the "treating physician rule," the opinion of a treating physician

is given controlling weight if it is based upon well-supported, medically

acceptable clinical and laboratory diagnostic techniques and is not

4

inconsistent with other substantial evidence in the record.  *See* 20 C.F.R.

§§ 404.1527(d)(2), 416.927(d)(2); *see also Schaal v. Apfel*, 134 F.3d 496,

503 (2d Cir. 1998).  Where controlling weight is not given to the treating

physician's opinion, the ALJ must assess several factors to determine how

much weight to give the opinion, including: (1) the length, nature, and

extent of the treatment relationship; (2) the frequency of examination by the

treating physician for the conditions in question; (3) the medical evidence

and explanations provided in support of the opinion; (4) the consistency of

the opinion with the record as a whole; (5) the qualifications of the treating

physician; and (6) other relevant factors tending to support or contradict the

opinion.  *See* 20 C.F.R. §§ 404.1527(d)(2)-(6), 416.927(d)(2)-(6).

As to Dr. Cook, Palaschak claims that his opinions were "completely

ignored, with no basis provided."  (Pl. Br. at 2, Dkt. No. 17.)  However, as

the R&R illustrates, the opposite is actually true.  First, with regards to

Palaschak's mental impairments, Dr. Cook opined that Palaschak had

depression, anxiety, and bipolar disorder.  (Tr.[3] at 269, 271-76, 280-300.)

Fully consistent with and presumably based on these opinions, the ALJ

determined that Palaschak had depressive, bipolar, and anxiety disorders

_____

[3]"Tr." refers to the page of the Administrative Transcript in this case.  (*See* Dkt. No. 7.)

that constituted severe impairments.  (Tr. at 16.)  Second, after referring

Palaschak to psychiatrist Dr. Desai for treatment of his mental impairments,

Dr. Cook continued to treat Palaschak's physical symptoms.  (Tr. at 176,

300-08, 335-37.)  The ALJ discussed and credited Dr. Cook's "diagnoses

of hypertension, GERD, renal listhiasis (kidney stones) and arthritis and

prescribed treatment with medications" and concluded that "these medical

conditions remained stable."  (Tr. at 17.)  Third, the record lacks any

assessments by Dr. Cook of Palaschak's physical or mental limitations

resulting from his impairments.  Accordingly, Dr. Cook's treatment notes

were the only available opinions he offered.  Fourth, the ALJ engaged in an

analysis of Palaschak's physical impairments despite Palaschak's

statements that he was not seeking disability based on his physical

impairments.  Thus, while the ALJ did not expressly weigh Dr. Cook's

opinions regarding Palaschak's mental impairments, the ALJ's decision on

its face, when considered in light of the record as a whole, demonstrates

that he both considered and relied on Dr. Cook's opinions without

qualification.

    As to Dr. Desai's opinions, the court reiterates Judge Bianchini's

conclusion: "[c]learly, the ALJ was not discounting Dr. Desai's opinions

because ... they were retrospective, as [Palaschak] argues." (R&R at 10, Dkt. No. 16.)  Rather, the ALJ undertook a lengthy analysis of Palaschak's treatment history with Dr. Desai.  (Tr. at 22.)  After reviewing Dr. Desai's treatment notes and medical assessments, (Tr. at 191-97, 232-38, 316-25), the ALJ concluded that Dr. Desai's opinions were "not consistent from one medical assessment to another." (Tr. at 22.)  The ALJ then thoroughly explained the weight he gave to each assessment and the treatment notes, which the R&R quotes in full.  (Tr. at 22-23; *see also* R&R at 10, Dkt. No. 16.)  And having compared the ALJ's findings with the corresponding evidence, the court is unable to conclude that these weight allocations were incorrect.

Therefore, upon de novo review, the court adopts Judge Bianchini's conclusion that the weight the ALJ afforded the opinions of Drs. Cook and Desai was appropriate and was supported by substantial evidence.

**B.   Listed Impairment**

Second, Palaschak objects to Judge Bianchini's ratification of the ALJ's finding that Palaschak's mental impairment did not meet or medically equal any of the impairments listed in § 12.04 of the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (*See* Pl. Objections at 3-4,

Dkt. No. 17.)  This objection is equally without merit.

Pursuant to the regulations, upon determining that Palaschak had a medically determinable mental impairment, the ALJ rated the degree of functional limitation caused by the limitation under four broad functional areas and found that Palaschak did not have marked limitations in any of the areas.  *See* 20 C.F.R. § 404.1520a(b)-(c); *see also Kohler v. Astrue*, 546 F.3d 260, 265-66 (2d Cir. 2008).  In the first area, "activities of daily living," Palaschak contends that he has "a marked restriction in activities of daily living."  (Pl. Objections at 4, Dkt. No. 17.)  The ALJ itemized the daily activities Palaschak can perform, evaluated the relevant medical opinions, and concluded that Palaschak had "no more than mild restriction[s]."  (Tr. at 18.)  This conclusion, which is supported by substantial evidence, was correctly affirmed by Judge Bianchini.  As to the second area, "social functioning," Palaschak disagrees with the ALJ's finding that he has mild difficulties in maintaining social functioning.  However, the evidence in the record fully supports this finding.  With regards to the third area, "concentration, persistence, or pace," the ALJ found that Palaschak had "moderate difficulties."  (Tr. at 19.)  In making this finding, the ALJ examined both the medical evidence on record and Palaschak's testimony,

all of which supported his findings.  Lastly, as to the fourth area, the record

is devoid of any medically documented episodes of decompensation, which

Palaschak does not refute.   Accordingly, upon de novo review, the court

adopts Judge Bianchini's conclusion that substantial evidence supported

the ALJ's determination that Palaschak's mental impairment does not meet

or medically equal an enumerated impairment.

## C.   <u>Vocational Expert Testimony</u>

Lastly, in objection to Judge Bianchini's recommendations, Palaschak

contends that the questions and hypotheticals posed by the ALJ to the VE

were flawed because they were based on an incorrect residual functional

capacity (RFC) assessment.  (*See* Pl. Objections at 4-5, Dkt. No. 17.)

Palaschak additionally asserts that it was inappropriate for the ALJ to take

the VE's testimony by telephone and that Judge Bianchini's categorization

of this error as "harmless" was incorrect.  (*See id.* at 5.)  However, the first

objection is without merit and the second, while noteworthy, must be

rejected.

In accordance with the regulations, the ALJ assessed Palaschak's

maximum ability to perform sustained work activities in an ordinary work

setting on a regular and continuing basis, in light of his physical and mental

abilities, symptoms, pain, and other potentially interfering limitations.  *See*

20 C.F.R. § 404.1545; *see also* SSR 96-8p, 1996 WL 3714184, at *2

(S.S.A. July 2, 1996); *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999);

*Verginio v. Apfel*, No. 97-CV-456, 1998 WL 743706, at *3 (N.D.N.Y. Oct.

23, 1998).  In evaluating Palaschak's functional limitations, the ALJ

properly undertook a function-by-function analysis.  *See* SSR 96-8p, 1996

WL 374184, at *1, 3; *see also* 20 C.F.R. §§ 404.1545(b)-(d), 416.945(b)-

(d).  And equally important, the ALJ evaluated the severity of Palaschak's

symptoms based on the objective medical evidence and, as required by the

regulations, based on other relevant factors, including daily activities,

frequency and intensity, aggravating factors, medication, and other

treatment.  *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *see also* SSR

96-7p, 1996 WL 374186, at *4-5.

     After conducting these inquiries and assessments, the ALJ found that

Palaschak had the RFC to: lift and carry twenty pounds occasionally and

ten pounds frequently; sit six hours out of an eight-hour workday, as long

as he could change his posture every hour; stand and walk six hours per

eight-hour workday, with hourly changes in posture; occasionally climb,

stoop, knell, crouch, and crawl; understand and follow instructions and

directions; perform simple and some complex tasks independently but with
supervision, while maintaining attention and concentration; attend to and
maintain a schedule; learn new tasks; make appropriate decisions; and
occasionally interact with coworkers and the public.  (Tr. at 19.) Substantial
evidence supports these findings, and therefore, the ALJ was entitled to
rely on this RFC assessment in questioning the VE.  And because the
ALJ's hypotheticals encompassed the physical and mental limitations laid
out in the RFC assessment, they were appropriate.  In addition, the court,
like Judge Bianchini, finds Palaschak's argument regarding the VE's
inability to identify statistics from the dictionary of occupational titles
unconvincing.  (*See* R&R at 15, Dkt. No. 16.)

Finally, as to Palaschak's argument that the ALJ erred by allowing
the VE to testify via telephone, the court agrees with Judge Bianchini's
conclusion that although the decision to allow the VE to testify by phone
was erroneous, it was nonetheless harmless.  Without reexamining the
historical and practical reasons for the Guidelines' preference that a VE
testify in-person or by video teleconferencing in limited circumstances—
reasons which the R&R fully and meticulously outlined, (*see* R&R at 16-23,
Dkt. No. 16)—the court wishes to reassert Judge Bianchini's concern with

the Commissioner's practice of taking a VE's testimony telephonically, particularly where the claimant objects and the ALJ proceeds without any justifying explanation.  Such a practice is in conflict with the spirit and the letter of the law, and should be discouraged absent extenuating circumstances.

However, this is not a case where the VE testified by telephone and the claimant's ability to effectively cross-examine the VE was thereby impeded or where the VE relied on evidence that was not provided to the claimant, *see Henry v. Astrue*, No. 07 Civ. 0957, 2008 WL 5330523, at *12 (S.D.N.Y. Dec. 17, 2008).  Rather, the facts here do not support a finding of reversible error, since, as the R&R highlights, Palaschak's counsel was afforded a sufficient opportunity to cross-examine the VE and did so effectively.  *See, e.g.*, *Bates v. Astrue*, No. 07-074, 2008 WL 1736819, at *13 (D. Del. April 11, 2008).  Accordingly, the court concludes that the ALJ's reliance on the VE's telephonic testimony constituted harmless error and thus adopts Judge Bianchini's recommendation over Palaschak's objection.

## V.  Conclusion

Having addressed Palaschak's specific objections de novo, and

otherwise finding no clear error in the R&R, the court accepts and adopts

Judge Bianchini's R&R in its entirety.

WHEREFORE, for the foregoing reasons, it is hereby

ORDERED that the decision of the Commissioner is AFFIRMED and

Palaschak's complaint is DISMISSED; and it is further

ORDERED that the Clerk provide a copy of this Memorandum-

Decision and Order to the parties.

IT IS SO ORDERED.

March 26, 2010
Albany, New York

_____
United States District Court Judge